WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathon Alan Farnham, Sr., | No. CV-11-1094 PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| John C. Cooper, et al., | |
| Defendants. | |

Plaintiff Jonathon Alan Farnham, Sr. is a resident of the Arizona State Hospital ("ASH"). Mr. Farnham filed a complaint against Defendants John C. Cooper, Steven Forster, and Ann M. Froio in their official capacities as Chief Executive Officer, Chief of Security, and Director of ASH. Doc. 1. Mr. Farnham alleges the destruction and loss of his personal belongings and craft items after a flood occurred in his residential unit and Defendants forced him to relocate without first packing his things. *Id.* at 2-4. Mr. Farnham requests compensation from all Defendants for the loss of his belongings in the amount of $700 and for his mental anguish in the amount of $1,000. *Id.* at 5. Mr. Farnham also requests that the Court order Defendants that Mr. Farnham "not be separated from his personal property again." *Id.*

Defendant Forster filed a motion to dismiss on the grounds that the Eleventh Amendment bars claims against him in his official capacity and that Mr. Farnham fails to state a claim upon which relief can be granted. Doc. 9. Defendants Cooper and Froio

filed a separate motion to dismiss, adopting and incorporating the arguments put forth by Defendant Forster and raising the additional argument that neither of them currently holds positions for which they can be sued in their official capacities. Doc. 13 at 1-2. The motions have been fully briefed (Docs. 11, 12; 15, 16.), and no party has requested oral argument. As explained below, the Court will grant these motions and dismiss Mr. Farnham's complaint.

Mr. Forster's motion quotes heavily from an order in Case No. 2:11-CV-00192-PHX-NVW in which Judge Neil V. Wake dismissed a nearly identical complaint that Mr. Farnham filed against the same Defendants.[1]  Doc. 9 at 3-5. The Court agrees, for the reasons already stated in Judge Wake's order, that Mr. Farnham has failed to state a claim upon which relief can be granted. *See* Case No. 2:11-CV-00192-PHX-NVW, Doc. 10. In Mr. Farnham's prior cause of action, Judge Wake twice dismissed Mr. Farnham's complaints with leave to amend, explaining in detail the Eleventh Amendment bar, Mr. Farnham's failure to name Defendants acting in their individual capacities, his failure to allege future harm for purpose of seeking an injunction, and his failure to plead sufficient facts to show that each Defendant intentionally violated his constitutional rights. *See id.*, Docs. 6, 8. Judge Wake dismissed Mr. Farnham's second amended complaint with prejudice upon concluding that Mr. Farnham had again failed to cure the pleading deficiencies of his complaint and that further leave to amend would be futile. *Id.*, Doc. 10, at 4 ("[N]one of Farnham's allegations against any Defendant – especially his allegations of intent – rise "above the speculative level." *Twombly*, 550 U.S. at 555. Any number of circumstances could explain Farnham's loss of property. After three complaints, he simply has not alleged any facts plausibly suggesting that Defendants intentionally deprived him of his property."). Mr. Farnham's instant complaint provides no new legal theories or relevant factual allegations to cure the deficiencies of his prior

---

[1] That complaint also named Will Hubble, Division Director, and had originally named the State of Arizona and ACPTC, a division of the Arizona State Hospital.

cause of action. The Court will grant Defendants' motions to dismiss Mr. Farnham's complaint with prejudice for the reasons already identified in Judge Wake's prior three orders. *See* Case No. 2:11-CV-00192-PHX-NVW, Docs. 6, 8, 10.

Mr. Farnham filed a motion to serve Defendant Cooper (Doc. 10) and a motion for summary judgment on Defendant Froio for failing to answer the complaint and failing to return a waiver of service (Doc. 14). Because the Court has ruled to dismiss Mr. Farnham's complaint as to all Defendants, the Court will deny these motions as moot.

**IT IS ORDERED:**

1. Defendant Steven Forster's motion to dismiss (Doc. 9) is **granted**.

2. Defendants John C. Cooper's and Ann M. Froio's motion to dismiss (Doc. 13) is **granted**.

3. Plaintiff Jonathon Alan Farnham, Sr.'s, complaint (Doc. 1) is **dismissed with prejudice**.

4. Plaintiff Jonathon Alan Farnham, Sr.'s, motion to serve under seal (Doc. 10) is **denied as moot**.

5. Plaintiff Jonathon Alan Farnham, Sr.'s, motion for summary judgment on Defendant Froio (Doc. 14) is **denied as moot**.

6. The Clerk of the Court is ordered to **terminate** this matter.

Dated this 22nd day of February, 2012.

David G. Campbell
United States District Judge