**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathon Alan Farnham, Sr., | No. CV-11-1094 PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| John C. Cooper, et al., | |
| Defendants. | |

Plaintiff Jonathon Alan Farnham, Sr. filed a motion for reconsideration of the Court's February 23, 2012 order granting Defendants' motions to dismiss. Doc. 19; *see* Doc. 17. In that order, the Court dismissed Farnham's complaint for failure to state a claim upon which relief can be granted. Doc. 17 at 2. The Court referred Farnham to three prior orders issued by Judge Neil V. Wake dismissing Farnham's substantially identical complaint, first with leave to amend and then with prejudice. *Id.*; *see* Case No. 2:11-CV-00192-PHX-NVW, Docs. 6, 8, 10. Farnham now requests reconsideration as to his claims against Defendant Forster only. Doc. 19 at 1.

Farnham's motion does not meet the standards for reconsideration under Local Rule of Civil Procedure 7.2(g)(1), which states that "[t]he Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th

Cir. 2003). Farnham does not argue that the Court erred in dismissing his complaint; nor does he present new facts or legal theories that he could not have presented earlier. Rather, Farnham argues that "he now has an understanding of what the court has been referring to in reference to suing defendants in their official capacity and should of [sic] sued them in their individual capacity." Doc. 19 at 1. This is not a proper basis to reconsider the dismissal of Farnham's complaint.

The Court is also not persuaded that Farnham would have a claim against Defendant Forster for destruction of his property if he could simply correct or refile his complaint "using the proper language." Doc. 19 at 1. In addition to finding that the Eleventh Amendment barred Farnham's complaints against individuals in their official capacity, Judge Wake previously found that Farnham had failed to allege sufficient facts to state a claim. *See* Case No. 2:11-CV-00192-PHX-NVW, Docs. 6, 8, 10. The Court quoted from Judge Wake's final order: "[N]one of Farnham's allegations against any Defendant – especially his allegations of intent – rise 'above the speculative level.' *Twombly*, 550 U.S. at 555. Any number of circumstances could explain Farnham's loss of property." Doc. 17 at 2 (quoting 2:11-CV-00192-PHX-NVW, Doc. 10 at 4). The Court went on to find that "Mr. Farnham's instant complaint provides no new legal theories or relevant factual allegations to cure the deficiencies of his prior cause of action." Doc. 17 at 2-3. Farnham has not shown that the Court's order was in error or that he now has sufficient new facts or legal theories to support his claims.

**IT IS ORDERED** that Plaintiff Jonathon Alan Farnham, Sr.'s motion for reconsideration (Doc. 19) is **denied**.

Dated this 21st day of March, 2012.

_____
David G. Campbell
United States District Judge